DEBRA BERGERON HOUK SUGGS
v.
ALISON R. SUGGS, SR.
No. 2009 CA 1300.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
BRIAN J. PRENDERGAST, Baton Rouge, Louisiana, Counsel for Plaintiff-Appellee Debra Bergeron Houk Suggs.
MARK D. PLAISANCE, Baker, Louisiana, Counsel for Defendant-Appellant Alison R. Suggs, Sr.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Defendant-appellant, Alison "Al" Suggs, Sr. appeals the trial court's judgment awarding final periodic spousal support in the amount of $749.57 per month, retroactive to April 30, 2008, in favor of his ex-wife, plaintiff-appellee, Debra Bergeron Houk.[1] We affirm.
Suggs contends the trial court legally erred by denying him an opportunity to present an affirmative defense at the fault hearing. Alternatively, he asserts that the trial court erred in its conclusions that: (1) Houk proved necessitous circumstances to support an award of final periodic support; and (2) he had the means to pay the award. See La. CC. art. 112.
In contending the trial court erred in denying him an opportunity to present an affirmative defense, Suggs maintains that the original petition for divorce, filed on January 6, 2006, did not include any allegations of lack of fault or entitlement to final periodic support and that it was not until her subsequent rule, filed on November 19, 2007, that Houk for the first time averred that she was free from fault and entitled to such relief. Thus, Suggs reasons, the trial court's determination that his failure to file an answer to the original lawsuit prior to the April 30, 2008 hearing on Houk's fault should not have precluded him from asserting an affirmative defense of Houk's fault at that hearing.
Although a review of the record shows that the trial court incorrectly determined that Houk alleged freedom from fault in her original petition for divorce, Suggs was not in any way precluded from presenting evidence of Houk's alleged fault. Indeed, on cross examination, Houk's attorney asked Suggs to list every single reason he thought Houk was "not free from fault in the cause of your divorce," and he did. At the end of that examination, in response to the attorney's inquiry whether there were any other things Suggs wanted to tell the court, Suggs responded, "Well I've told it really." Thus, the trial court's verbal ruling, limiting Suggs to presentation of evidence on rebuttal, did not deny him the opportunity to put forth a case or to present evidence of Houk's alleged fault. While Suggs was not permitted to call a particular witness, the basis of that denial was a violation of the sequestration order he had requested and, on appeal, he has not alleged any error in that ruling by the trial court. Accordingly, any error the trial court may have made in its determination of the scope of Houk's original petition was harmless, see La. C.E. art. 103A(2), and does not serve as a basis for a de novo review.[2]
A trial court has great discretion in fixing final periodic support awards and its rulings will not be disturbed absent a clear abuse of that discretion. See Mayes v. Mayes, 98-2228, p. 6 (La. App. 1st Cir. 11/5/99), 743 So.2d 1257, 1261. We cannot say that the trial court abused its discretion in weighing the evidence, applying the law, and determining that Houk lacked sufficient means to support herself or that Suggs has the means to pay final periodic spousal support. As the trier of fact, the trial court was uniquely vested with responsibility of evaluating credibility and making reasonable inferences of fact. See Stobart v. State, 617 So.2d 880, 882 (La. 1993). A reasonable factual basis exists to support the trial court's finding that Suggs shut "down his lucrative business several weeks before trial ... to appear as though he was without the means to provide [Houk] with spousal support." In light of his sorely diminished credibility, the trial court was clearly within its province to discredit Suggs' testimony as implausible and, therefore, unreasonable. Id. Accordingly, we find no error or abuse of discretion in the award of final periodic support.
For these reasons, we affirm the trial court's judgment with this memorandum opinion issued in compliance with La. U.R.C.A. Rule 2-16.1.B.
AFFIRMED.
NOTES
[1] After her divorce from Suggs, Houk returned to the use of her name prior to the marriage.
[2] Interestingly, in complaining about the denial of an opportunity to present an affirmative defense, Suggs does not rely on a proffer of evidence but instead asks that this court reweigh the evidence already admitted.